IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No.  96-50646
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD KIEPFER, M.D.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(SA-92-CV-357)
- - - - - - - - - -
March 7, 1997
Before Wisdom, King, and Smith, Circuit Judges.

PER CURIAM:[*]

In this appeal, Kiepfer contends that (1) the consent to search was obtained by fraud; (2) the Government's submitting of a proposed amended order on remand and his purported inability to respond violated his due process; and (3) remand "should be [for] a broad hearing on the issues approximating a de novo hearing".

*Consent to search*

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The scope of our review on appeal following remand is limited. The only issue for consideration is "whether the court below reached its final decree in due pursuance of our previous opinion and mandate".[1] Because Kiepfer failed to amend his notice of appeal following the district court's denial of his Rule 59(e) motion, this court has jurisdiction over only the issues raised by the district court's order on remand and not over any of the issues arising from the denial of Kiepfer's Rule 59(e) motion.[2]

Kiepfer's argument that the consent to search was obtained by fraud, having been raised in his Rule 59(e) motion, as well as in his first appeal, is not subject to review by this court.[3]

*Due Process*

On appeal, Kiepfer contends for the first time that the Government's submitting of a proposed amended order when he was unable to respond violated his due process rights, thereby invalidating the order on remand. This argument is totally without merit. Dr. Kiepfer was properly served with the proposed amended order, and the district court was free to adopt the proposed findings.[4]

---

[1] Burroughs v. FFP Operating Partners, L.P., 70 F.3d 31, 33 (5th Cir. 1995).

[2] Fed. R. App. P. 4(a)(2), (a)(4)(C), Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994).

[3] See Reeves, 27 F.3d at 177, Burroughs, 70 F.3d at 33.

[4] Studiengeselllschaft Kohle v. Eastman Kodak Co., 616

*Scope of review on remand*

Kiepfer argues that if the case is remanded again, "remand should provide for a broad relatively unlimited hearing of a <u>de novo</u> nature." Because the appeal is dismissed as frivolous, this issue is moot.

*Order on remand*

Fed. R. App. P. 28(a)(4) requires that the argument on appeal contain the "contentions of the appellant on the issues presented, and the reason therefor, with citations to the authorities, statutes, and parts of the record relied on." Issues not adequately argued in the body of the brief are deemed abandoned on appeal.[5]

In this appeal Kiepfer does not assign any specific error to the district court's order on remand, does not cite to the record, and does not cite any authority in support of his position. He concludes merely that the "computer records and defendant's evidence . . . show that many of the deficiencies sustained against [him] were sustained in error". Because Kiepfer does not present any intelligible arguments regarding the district court's order on remand, his argument is deemed abandoned. This appeal, being entirely without merit, is dismissed.[6]

---

F.2d 1315, 1323 (5th Cir.) <u>cert.</u> <u>denied</u> 449 U.S. 1014 (1980).
  [5]   <u>L & A Contracting v. S. Concrete Servs.</u>, 17 F.3d 106 (5th Cir. 1994).

  [6]   5th Cir. R. 42.2.

APPEAL DISMISSED